119 N.J. Super. 102 (1972)
290 A.2d 304
OLIN MATHIESON CHEMICAL CORPORATION, PETITIONER-APPELLANT,
v.
WILLIAM KINGSLEY, ACTING DIRECTOR OF THE DIVISION OF TAXATION OF THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 21, 1972.
Decided May 1, 1972.
*103 Before Judges GOLDMANN, HALPERN and LORA.
Mr. Russell W. Annich, Jr. argued the cause for appellant (Messrs. Mason, Griffin & Moore, attorneys).
Mr. Herbert K. Glickman, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
PER CURIAM.
Petitioner Olin Mathieson Chemical Corporation appeals from a judgment of the Division of Taxation ordering it to pay to the State the additional corporation business tax assessments for the years 1959, 1960 and 1961 and dismissing its petitions challenging those assessments. Involved here is the applicability of N.J.S.A. 54:10A-19.1(b) to the case at hand.
The facts are stipulated. Olin Mathieson, a Virginia corporation authorized to do business in this State since 1952, filed New Jersey corporation business tax returns for the tax years in question and paid the full amount of its indicated tax obligations. The final return for 1959 was filed October 10, 1960, for 1960 on October 18, 1961, and for 1961 on October 16, 1962. On August 15, 1967 the United States Treasury Department advised petitioner that, *104 for the purpose of computing federal income taxes, its 1959 and 1960 returns had been recomputed and adjusted upwards. Three days later petitioner, as it was obliged to do within 90 days by N.J.S.A. 54:10A-13, notified the Corporation Tax Bureau in the Division of Taxation of this recomputation. The Bureau requested petitioner to furnish certified copies of its federal tax returns for 1959 and 1960; Olin Mathieson complied with that request but indicated that if the Bureau levied additional assessments for 1959 and 1960, it would protest them because more than five years, the period specified in the applicable statute of limitations (N.J.S.A. 54:10A-19.1(b)), had passed since it filed its final returns for those years. Nonetheless, the Bureau as a result of the recomputations levied additional assessments against petitioner on September 6, 1967, in the amount of $5,163.16 for 1959 and $3,614 for 1960, with 6% annual interest from the original due dates of the respective returns.
A similar sequence of events occurred with regard to petitioner's 1961 tax. Olin Mathieson received word of the recomputation of its 1961 taxable income from the Internal Revenue Service, apparently in the early spring of 1968. The corporation notified the State of this on April 16, 1968. On May 1, 1968 the Bureau levied an additional assessment in the amount of $3,503.99, with 6% annual interest from the original due date of the 1961 tax return.
Olin Mathieson timely appealed from these additional assessments to the Division of Tax Appeals and furnished appropriate security pursuant to N.J.S.A. 54:10A-19.2. Petitioner did not quarrel with the result of the federal recomputations or with the accuracy of the Bureau's computations of assessments. However, it contended that it was not subject to additional assessments because of the expiration of the applicable five-year statute of limitations. The State's position was that N.J.S.A. 54:10A-19.1(b), when read in the context of the entire Corporation Business Tax Act, did not foreclose its levy of the additional assessments *105 in question. It conceded that all of petitioner's actions in this matter were taken in good faith.
N.J.S.A. 54:10A-19.1(b) provides in pertinent part:
Except in the case of willfully false or fraudulent return with intent to evade the tax, no assessment of additional tax shall be made after the expiration of more than five years from the date of the filing of a return; provided, that where no return has been filed as provided by law, the tax may be assessed at any time. * * *
The State relies on Regulation 16:10-6.100 promulgated by the State Tax Commissioner under the authority given him by N.J.S.A. 54:10A-27 to prescribe and issue rules and regulations consistent with the Corporation Business Tax Act for the interpretation and application of its provisions. That regulation was designed to effectuate N.J.S.A. 54:10A-13, which contains this relevant language:
If the amount of the taxable income for any year of any taxpayer as returned to the United States Treasury Department is changed or corrected by the Commissioner of Internal Revenue * * * such taxpayer shall report such changed or corrected taxable income * * * within 90 days after the final determination of such change or correction * * * or as required by the commissioner, and shall concede the accuracy of such determination or state wherein it is erroneous. Any taxpayer filing an amended return with such department shall also file within 90 days thereafter an amended report with the commissioner.
Regulation 16:10-6.100 specifies in pertinent part:
If the amount of the taxable income for any year of any taxpayer as returned to the United States Treasury Department is changed or corrected by the Commissioner of Internal Revenue * * * the taxpayer shall file a report of such change or correction or an amended return within 90 days after the final determination of any such change, correction * * *. At any time thereafter, within five years from the date of filing of the report of such change or correction or an amended return, the director may reexamine the return, recompute and reassess the tax * * * and shall notify the taxpayer thereof. [Emphasis added]
Petitioner argued before the Division of Tax Appeals that this regulation was inconsistent with the clear prohibition *106 against additional assessments made more than five years after the filing of the tax returns, contained in N.J.S.A. 54:10A-19.1(b), and accordingly was void because it exceeded the authority given the State Tax Commissioner by N.J.S.A. 54:10A-27 to issue rules and regulations  absent a showing of an affirmative attempt to evade taxation, a situation not present here.
The Division of Tax Appeals did not agree with this argument. Presiding Judge Lario indicated in his written opinion that the case was one of first impression in New Jersey and there was no persuasive precedent from other jurisdictions. He acknowledged that there is a seeming contradiction between N.J.S.A. 19:10A-13 and N.J.S.A. 54:10A-19.1 (b), but construing them as in pari materia, he concluded that Regulation 16:10-6.100 was reasonable and not inconsistent with the legislative purpose. In sustaining the imposition of the additional tax assessments he proceeded on the assumption that "the Legislature knew that Government re-examination of the tax returns, while theoretically within three years, are [sic] often postponed by actions of the parties themselves and drag on sometimes interminably."
When the Corporation Business Tax Act was passed in 1945, and when the five-year statute of limitations found in N.J.S.A. 54:10A-19.1(b) was added two years later, the net worth of the corporation was the factor determinative of the tax liability. However, in 1958 the act was amended to provide for the imposition of a tax on corporate net income as well as on corporate net worth. L. 1958, c. 63. Thus, part of a corporation's tax obligation to New Jersey depends on what the United States Treasury Department considers to be its taxable income for federal income tax purposes.
N.J.S.A. 54:10A-4(k) states that for the purpose of the Corporation Business Tax Act, the taxpayer's entire net income "shall be deemed prima facie to be equal in amount to the taxable income, before net operating loss *107 deduction and special deductions, which the taxpayer is required to report to the United States Treasury Department for the purpose of computing its Federal income tax * * *."
As a consequence of the 1958 act, N.J.S.A. 54:10A-13 was amended (L. 1958, c. 63, § 6) to impose on the corporate taxpayer an obligation to report to the Division of Taxation any recomputation of income by the Internal Revenue Service. The Legislature did not free the corporation from this obligation by reason of the passage of any fixed amount of time between its good-faith filing of a state tax return and a federal recomputation of its taxable income.
The Federal Government is, of course, in the unique position of determining and reevaluating a taxpayer's income for a given year. A state whose corporation tax depends to some extent on the taxpayer's net income and which established a time limitation running from the date on which a return is filed would find itself at the mercy of the federal bureaucracy. Whenever the federal authorities did not audit a return within the established time period (in our case within five years), which is apparently a fairly common occurrence despite a stated three-year limitation, that state would lose deserved revenue. There would also be present the possibility  not suggested as present here  that a corporation could take certain steps which would delay the federal audit beyond a state's statute of limitations, and whether those steps were taken in good or bad faith would be difficult to determine and should be irrelevant. It cannot be presumed that our Legislature intended to place New Jersey and its citizens in so disadvantageous a position. On the contrary, we deem it reasonable to assume that the Legislature intended that the five-year limitation of N.J.S.A. 54:10A-19.1(b) should begin to run from the date that a report of the federal recomputation of a corporation's taxable income is filed with the Division of Taxation.
*108 To interpret N.J.S.A. 54:10A-19.1(b) and 54:10A-13 as petitioner would have us do would trespass upon what has long been considered a fundamental rule in statutory construction, namely, that where two constructions of a statute are possible, that one should be adopted which effectuates rather than defeats the legislative purpose. The five-year period can only run from the time the taxpayer reports its final federal taxable income figure to the Division of Taxation pursuant to N.J.S.A. 54:10A-13.
We observe that the Division has consistently held that the five-year period of subsection 19:1(b) begins to run only upon the filing of the report called for by subsection 13. This practice is implied in Regulation 16:10-6.100, promulgated March 9, 1959. Where an agency charged with administering an act has given it a certain construction, that construction must be accorded weight in ascertaining the statutory meaning, particularly where the interpretation is of some years' standing and uniformity. Pringle v. New Jersey Dept. of Civil Service, 45 N.J. 329 (1965). Although the Legislature has since 1959 amended certain sections of the Corporation Business Tax Act, it has never amended subsection 13, thereby arguably agreeing with the Division's interpretation of that section.
The decision below is consistent with the general principles that everyone should shoulder a just portion of the weight of taxation and that doubts about proper statutory construction should be resolved against those seeking to escape that equitable burden. In re Estate of Lambert, 118 N.J. Super. 121, 127 (App. Div. 1972).
Affirmed.