29 N.J. Super. 303 (1954)
102 A.2d 477
HARRY N. MANGAN, APPELLANT,
v.
DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 21, 1953.
Decided January 22, 1954.
*304 Before Judges JAYNE, FRANCIS and PROCTOR.
*305 Mr. Russell S. Henderson argued the cause for the appellant.
Mr. John W. Griggs argued the cause for the respondent (Mr. Theodore D. Parsons, Attorney-General, attorney).
The opinion of the court was delivered by FRANCIS, J.A.D.
On January 19, 1953 the Civil Service Department gave public notice of an examination for the position of Chief Probation Officer of Salem County, open to male and female citizens of at least 12 months' residence in the county. The required qualifications for applicants, so far as pertinent, were set forth as follows:
"1. Formal education or other education or training showing attainment of the level represented by graduation from college with specialization in the social sciences, and related fields. Experience in probation or related social service work will receive consideration if offered in lieu of formal education. Prospective candidates who believe their training and experience are equivalent to the requirements of formal education should submit applications.
2. Ten years of experience in probation work, including five years of supervisory work in the probationary field."
Appellant, Harry N. Mangan, applied for leave to take the examination. His application set forth that he graduated from Salem High School, studied accounting for six months at Pierce Business College, Philadelphia, Pennsylvania, had six semester hours' credit in sociology and psychology at the University of Delaware, had attended officers' schools in the New Jersey National Guard during 1915, 1916 and 1917 before entering the army in World War I, and that he was admitted to the bar of this State as an attorney in 1923 and as a counsellor in 1935. It further recited that he had been assistant county counsel of Salem County for nine and one-half years on a part-time basis, during which part of his duties were to "supervise Salem County Probation Office, advising and assisting it in making investigations and the collection, analysis and evaluation of social, financial and other data, and preparing any necessary legal or other *306 papers in connection with the work of the Department." In addition, he had been assistant treasurer of the county for two years and treasurer for nine years; he had engaged in the general practice of law for many years and at the time of the application he was a probation officer of the county and had been such for the previous ten months.
Shortly thereafter Mangan received word from the department that he had been rejected as a candidate for the examination because of failure to meet the minimum requirements outlined in the public notice. He then informed the Department of his desire to appeal from the ruling and was advised by the chief examiner that: "No grounds exist for the formal consideration of an appeal by the Civil Service Commission and the original decision as to eligibility must stand." Further correspondence on the subject with the president resulted in confirmation of the denial of an appeal, the final word being: "Certification and appointment have been made to the position in question and this department considers the matter closed."
As already noted, the public announcement restricted the proposed examination to citizens of the county of 12 months' residence. This seems to be within the Department's authority. N.J.S.A. 11:9-13. Mangan asserts that the qualifications demanded were such as to limit the field to two eligibles, himself and one Greenwood, also a probation officer of the county. Upon his disqualification, Greenwood was appointed and Mangan questions whether any examination was taken by Greenwood. In any event, the record now before us does not reveal information on this subject, nor any as to the appointee's qualifications.
On this appeal, it is urged that the action of the Department in denying an appeal and a hearing thereon constituted a violation of the Civil Service Act (N.J.S.A. 11:9-6) and an abuse of administrative discretion as well.
The statute mentioned provides that:
"An applicant or eligible [for admission to a test] may appeal to the commission from the action of the chief examiner and secretary in accordance with the rules established under this subtitle." *307 The rules referred to obviously are the general rules and regulations which the Department is empowered to adopt by N.J.S.A. 11:5-1.
The rule which was promulgated to implement the quoted section is as follows:
"The chief examiner and secretary shall notify in writing any person whose application is rejected under this rule specifying the cause for the rejection. Upon receiving a written request from any person whose application is rejected the president may give him an opportunity to show cause why such application should not be rejected, but announced tests shall not be postponed or delayed for this reason." (Rule 26)
In our judgment, this rule is unduly restrictive of the right of appeal conferred by the statute on a rejected candidate. While the Department is invested with discretion as to the form or method which the review shall take, and as to the nature of the review itself, within the limits of fair hearing, it cannot divest the candidate of the right to decide whether an appeal shall be taken, and vest itself with the authority to make that determination.
When a candidate appeals from the declaration of ineligibility, he is entitled to a review by the Department. It may be that in some situations where the matter admits of no factual or legal doubt and the record is complete, an ex parte review of the matter by the Department followed by a written statement of the reasons granting or denying relief, may suffice. No specification of such cases can be made. Each one must be considered on its own facts.
In the present case, the Department apparently undertook an ex parte review of its file and affirmed the chief examiner's decision. Hearing in the sense of opportunity to present evidence and make arguments was denied. Cf. Handlon v. Town of Belleville, 4 N.J. 99, 105 (1950). In our judgment, such action constitutes reversible error.
Manifestly, the Department is clothed with broad discretion in the matter of fixing the required educational and experiential qualifications for admission to the competitive examination for a particular position or employment. And *308 the courts should not interfere with the exercise of that discretion in the absence of a clear abuse of it. Falcey v. Civil Service Commission, 27 N.J. Super. 520 (App. Div. 1953).
No substantial challenge is made by Mangan of the qualifications as they were announced publicly. The claim is that his attainments, educational and experiential, met or so closely approximated the qualifying ones that the refusal to admit him to the examination was arbitrary and in violation of the spirit of the statute. It is further contended that the action was discriminatory, since its effect was to permit the appointment of another person, whose qualifications may not be equal to his, seemingly without examination at all.
Perusal of appellant's application discloses rather substantial experience along the lines set out in the public notice. True, the experience is written in general terms and it may be that detailed exposure of the full facts at a hearing will demonstrate their inadequacy. However, he is entitled to that hearing with its opportunity to establish that a denial of the privilege of taking the examination would be an arbitrary and discriminatory act rather than a legitimate exercise of discretion.
Accordingly, the action of the Department is reversed to the end that appellant may be given a hearing on his statutory appeal.