86 N.J. Super. 268 (1965)
206 A.2d 758
HORACE S. VOLZ, WILLIAM F. MULLIGAN, MURIEL A. CROWLEY, JOHN A. BOLGER, EDWARD C. ZIRKEL, ARTHUR L. BERKE, APPELLANTS,
v.
CIVIL SERVICE COMMISSION, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 21, 1964.
Decided January 19, 1965.
*270 Before Judges CONFORD, KILKENNY and LEWIS.
*271 Mr. Thomas E. Durkin, Jr. argued the cause for appellants (Mr. John J. Cleary, on the brief).
Mrs. Marilyn Loftus Schauer, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by KILKENNY, J.A.D.
Appellants are probation officers in the Essex County probation department. They appeal under R.R. 4:88-8 from final decisions of the Civil Service Commission, which made and declared them ineligible to take either the promotional or open competitive examination for the position of Chief Probation Officer of Essex County. They contend that the Commission acted arbitrarily and unreasonably in setting up the eligibility requirements for each of these examinations, in calling for an open competitive examination, and in failing to give them a formal hearing.
We dispose of the last claim of error first. The Commission denied a formal hearing because it felt that the controlling facts were a matter of record and not in dispute. On their appeal to this court, appellants have indicated in affidavits and in their argument the proofs which they would have laid before the Commission, if a formal hearing had been allowed. We are treating the matter before us as though the evidentiary facts set forth in these affidavits had been testified to before the Commission and the Commission's rulings had remained unchanged. In fact, the Commission has filed with us a written stipulation in which it admits the facts stated by appellants, except where they are contradicted by the record, but without conceding their relevancy or materiality as to the legal issues involved. With that understanding, the lack of a formal hearing before the Commission is not deemed to be prejudicial.
These, then, are the basic facts. A vacancy occurred in the position of Chief Probation Officer of Essex County. The Civil Service Commission decided to hold a promotional examination *272 to fill the vacancy. It limited the persons eligible to take this examination to those in the next lower class, namely, Assistant Chief Probation Officers of Essex County who had served in that position for at least 12 months. There were only two persons so eligible. One of them was not interested because he was on the verge of retirement. Hence, only one filed an application to take the promotional examination. These facts were reported by the Commission to the judges of the Essex County Court, the appointing authority. The judges expressed a desire to have a list of at least three candidates for the appointment.
Instead of opening up the list of eligibles for the promotional examination to Essex County probation officers in a class or classes lower than that of Assistant Chief Probation Officer, the Commission, at the request of the judges of the Essex County Court, decided to hold an open competitive examination for the position, in addition to the promotional examination in which latter there was only the one interested, eligible applicant. Eligibility requirements to take the open competitive examination were formulated by the Commission, in collaboration with Judge Crane of the Essex County Court, representing the judges of that court as the appointing authority, and Dr. Lovell Bixby, consultant on probation in the Administrative Office of the Courts.
These eligibility requirements were as follows:
"(1) a Master's degree in Sociology with a major in Criminology and/or Penology;
(2) eight years of progressively responsible experience in probation or parole work, four years of which shall have been in a capacity involving the broad administrative responsibility for planning and directing the activities of a large probation or parole agency;
(3) for those applicants who possessed a Bachelor's degree, but not a Master's degree, two additional years of administrative experience of the type outlined above might be accepted in lieu thereof."
The open competitive examination could be taken by any citizen of the United States possessing those qualifications.
*273 None of the appellants was eligible to take the open competitive examination. All of them, except Edward C. Zirkel, filed applications to take the open examination, but in each instance the application was rejected by the Commission, either because the applicant lacked the educational qualification or because he was wanting in the required job experience. Thus, Volz was ineligible because he was deficient in the experience requirement by one year and eleven months, and he also lacked a Master's degree in Sociology with a major in Criminology or Penology. The other four also failed to meet the educational requirement, since none had the necessary master's degree, and lacked the experience qualification. When these five applicants received notices of ineligibility from the Commission, they filed notices of appeal to the Commission, in which they challenged (1) the conducting of the open competitive examination, and (2) the determination of their ineligibility to compete in the examination. The Commission dismissed their appeals without a formal hearing because the applications of the five applicants showed on their face a lack of the required qualifications, and the sixth appellant, Zirkel, had not even applied to take the examination.
The promotional and open competitive examinations were similar and given at the same time, with the understanding that the resulting promotion list would take precedence over the resulting open competitive list. Mr. Nulty, the sole candidate who took the promotional examination, failed. Five eligible persons took the open competitive examination. The Commission certified to the judges of the Essex County Court a list of three persons eligible for appointment. None of them resided in New Jersey. The number 1 eligible so certified, Lawrence C. Larsen, was appointed by the judges of the Essex County Court, effective December 1, 1964. He has been performing the duties of Chief Probation Officer of Essex County since that time.
Appellants' basic contention is that the Commission had no right to conduct an open competitive examination for this position without first holding a promotional examination open *274 to probation officers below the classification of Assistant Chief Probation Officer, especially when there were only two persons in the last mentioned class and there were others, like themselves, in lower classes who had sufficient education and experience to qualify for the position.
Each of the appellants had a good educational background and many years of experience as a probation officer, even though each was not in the specified classification to take the promotional examination or possessed of the required educational and experience background to qualify for the open competitive examination. Volz had received a B.S. in Education in 1930, and an M.A. in Educational Sociology in 1934. He had been a probation officer 24 years and during that time he had been a principal probation officer for 8 years in charge of a division comprising 18 officers. He had taken two examinations for Chief Probation Officer in Morris and Union Counties, finishing first in each examination. Mulligan had been a probation officer for 33 years, during which he had been a principal probation officer for 7 years in charge of the criminal division comprising 23 officers. Muriel A. Crowley had 18 years' experience as a probation officer, 6 years of which were spent as a principal probation officer, supervising 11 officers and court scheduling. She had a B.A. in Sociology, plus 24 credits in Criminology and Sociology and 8 credits in Psychology and Social Guidance. Berke, a probation officer 17 years and a principal probation officer in charge of the juvenile section 2 years, had 36 credits in Penology and Criminology. Bolger, a probation officer 26 years and a principal probation officer 7 or 8 years, had received his LL.B. in 1929 and was an attorney and counsellor-at-law of New Jersey.
R.S. 11:10-7 provides:
"A vacancy in the higher classes of positions shall be filled, as far as it is consistent with the best interests of the state, by promotion following competitive tests open to those who have served a minimum time established by regulation in the lower class or classes of positions as may be designated." (Italics ours)
*275 N.J.S.A. 11:22-34 is of similar import. As noted in Flanagan v. Civil Service Department, 29 N.J. 1, 6 (1959):
"There is no doubt that the Legislature, in enacting the Civil Service Law, favored promotion where practicable and consistent with the best interests of the State."
See, too, Falcey v. Civil Service Commission, 16 N.J. 117, 120 (1954).
In the instant case the Commission could have opened up the promotional examination not only to those in the immediate lower class of Assistant Chief Probation Officer, but also to those in the still lower class of Principal Probation Officer, when it ascertained that there were only two assistant chief probation officers and one of them was about to retire. Carls v. Civil Service Commission, 17 N.J. 215 (1955). Doing so might have produced a list of three eligibles for certification to the appointing authority. Were the failure to do so and the holding of an open competitive examination an abuse of the broad discretionary power vested by the Legislature in this State administrative agency? That is the issue.
One of the purposes of the civil service system is to provide the best qualified persons to appointing authorities. Borough of Park Ridge v. Salimone, 21 N.J. 28 (1956). The determinations of the Civil Service Commission, when authorized by statute, are presumed to be reasonable. Ogden v. Department of Civil Service, 77 N.J. Super. 296 (App. Div. 1963). Courts will not interfere with the actions of this Commission, in the exercise of its broad discretion, "unless they are clearly arbitrary and unreasonable." Flanagan v. Civil Service Department, supra, 29 N.J., at p. 9; Falcey v. Civil Service Commission, supra, 16 N.J., at p. 123. The test then is not whether we would have opened up this promotional examination to the principal probation officers, in view of the dearth of assistant chief probation officers, and exhausted this means of providing a list of eligibles before holding an open competitive examination, but whether the Commission acted *276 in a clearly arbitrary and unreasonable manner in failing to do so.
The civil service ideal of promotion from a lower to a higher grade within the particular department involved is subject to relaxation whenever it is "impracticable or inconsistent with the public interest. And determination of the ultimate question of promotional or open tests has been assigned in the first instance to the Chief Examiner and Secretary of the Civil Service Department." Flanagan, supra, 29 N.J., at p. 11. We cannot say that the Commission and its Chief Examiner abused discretion here in limiting the promotional examination to persons in the next lower classification to the position to be filled. The post of Chief Probation Officer of Essex County is an important one, requiring broad administrative experience and the competency to supervise more than 100 employees. Performance as a probation officer over a long period of time, or even as a principal probation officer with supervision over a subdivision of the probation department, is not equivalent to the complex duties required of the head of the department in this most populous county of the State. The Commission could rightly conclude, as it did, that personnel in a lower echelon than that of an Assistant Chief Probation Officer would not be eligible to take the promotional examination for the position of Chief Probation Officer of Essex County.
We next consider appellants' claim that the eligibility requirements for the open competitive examination were arbitrary and unreasonable. They point to the fact that such requirements were not demanded when Volz was allowed, as a principal probation officer, to take the examinations for Chief Probation Officer in Union and Morris Counties. The qualifications for the Essex County position were high, but five of the applicants to take the examination were found to be eligible to do so. The eligibility requirements were higher in Essex County than in Union and Morris Counties, but the greater population of Essex County, the potentially larger work load, with the more numerous personnel to be supervised *277 and courts to be serviced, may well have warranted an upgrading of the requirements in Essex County. Moreover, unreasonableness of eligibility requirements determined at one time and place under given circumstances, is not necessarily established by the fact of different requirements fixed at a different time and place and under different circumstances.
As stated in Flanagan, supra, 29 N.J., at p. 12:
"If there is any fair argument in support of the course taken or any reasonable ground for difference of opinion among intelligent and conscientious officials, the decision is conclusively legislative, and will not be disturbed unless patently corrupt, arbitrary or illegal. Doubts held by the court as to the wisdom of the administrator's decision do not alter the case."
While we are satisfied that the eligibility requirements to participate in the open competitive examination are debatable, they are not shown to be "patently corrupt, arbitrary or illegal." The collaboration of Judge Crane, as a representative of the appointing authority, and of Dr. Bixby in their formulation adds strength to that conclusion.
The Chief Probation Officer is directly responsible for the administration and supervision of the probation department. He organizes, develops, coordinates and administers the probation and related activities of the department. He gives suitable assignments and instructions to subordinates and directs and supervises their work; establishes and maintains helpful and cooperative relations with other agencies and persons; acts as liaison between the Probation Department and the judges of the County Court and the Administrative Office of the Courts. The Chief Probation Officer must have thorough knowledge of modern social case work techniques, budget preparation, courts, and criminal procedures and laws governing the enforcement, prosecution and punishment of crimes and criminals.
In Essex County, with a population of over 900,000 persons, the desirability that such a person have extensive educational background pertinent to the field, as well as superior administrative and supervisory ability, is evident. Admittedly, none *278 of the appellants had been responsible for planning and directing a large probation or parole agency, one of the experience qualifications for taking the open competitive examination.
Appellants argue that neither Rutgers, the State University, nor Seton Hall University, the largest private university in the State, offers a degree such as that required to take the open competitive examination. We are advised that Seton Hall offers no courses on a graduate level in either Penology or Criminology. Rutgers has no course in Penology, and its two courses in Criminology provide a total of only six credits, whereas candidates for a Master's degree in Sociology must have 30 credits. However, the unavailability of the required degree from a university in New Jersey does not render the qualification arbitrary or unreasonable. Such a degree is readily obtainable in nearby New York City. In fact, some of the appellants have been taking the needed courses in universities in New York City, but had not yet obtained their Master's degree. Then, too, at least five of those who applied to take the open competitive examination did possess the eligibility requirements as to educational background.
We conclude that the rationale in Flanagan v. Civil Service Department, supra, which upheld the action of the Civil Service Commission in calling for an open competitive examination for the position of Chief Probation Officer and sustained the qualifications to take the examination, is equally applicable to the facts herein.
The determinations of the Civil Service Commission in the instant case are affirmed.