140 N.J. Super. 536 (1975)
357 A.2d 20
JOSEPH R. McGARRITY, NICHOLAS S. FIORE AND ROBERT J. DiGIOVANNA, APPELLANTS,
v.
DEPARTMENT OF CIVIL SERVICE, JAMES A. ALLOWAY AND WILLIAM DRUZ, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 10, 1975.
Decided April 23, 1975.
*537 Before Judges MICHELS, MORGAN and MILMED.
Messrs. Rinsky & DelPlato, attorneys for appellants (Mr. Joel C. Rinsky, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondents (Mr. Theodore A. Winard, Assistant Attorney General, of counsel; Ms. Erminie L. Conley, Deputy Attorney General, on the brief).
PER CURIAM.
Appellants Joseph R. McGarrity and Nicholas S. Fiore appeal from a determination of the State Civil Service Commission which affirmed the results of a promotional examination (written and oral) taken by them for the position of Principal Probation Officer I, Essex County. Appellant Robert J. DiGiovanna appeals from the *538 determination of the Commission which affirmed his failure on an oral promotional examination held for the position of Assistant Chief Probation Officer, Essex County. The two appeals, involving as they do two different factual situations, will be treated separately.

As to McGarrity and Fiore
On March 30, 1973 the State Department of Civil Service issued a promotional announcement (with application form) for the title of Principal Probation Officer I in the Probation Department of Essex County. The announcement set forth a "scoring code" of "01" which was defined as follows:
Seniority and record of service: 3 Written and/or Oral Test: 7 (If both tests are held the weights will be: Written Test: 4; Oral Test: 3.)
McGarrity and Fiore filed their applications and were duly notified of a written examination, which they took on June 28, 1973. About 11 weeks later, on September 10, 1973, they received notice of an oral examination scheduled for September 21, 1973. On the written examination Fiore finished second with a score of 80.896 and McGarrity finished third with a score of 77.491. On the oral examination each received a score of 75, which was next to the lowest score (70) of those who passed the examination. With an experience or seniority score of 71.602 Fiore's final average for the overall promotional examination was 76.338. With an experience or seniority score of 75.149 McGarrity's final average for the overall examination was 76.040. Accordingly, of the ten successful candidates, Fiore placed seventh on the eligibility list and McGarrity placed eighth. After the results were issued and the promotional list promulgated, McGarrity and Fiore appealed within the Department of Civil Service and were notified that the results of the examination *539 would, in accordance with N.J.A.C. 4:1-8.15, be subject to an administrative review by the Civil Service Commission, and that the record to be presented to the Commission could be inspected and supplemented "with factual material or written argument within two weeks." Within an extended period of time written material was submitted. On February 5, 1974 the Commission considered the appeals. By letter of February 20, 1974 from the Chief Examiner and Secretary of the Department of Civil Service appellants' attorney was notified of the Commission's findings and its "final administrative determination" upholding the scores obtained and dismissing the appeals. Its findings of fact were as follows:
1. The appointing authority provided standard information as to the duties of the position.
2. The appointing authority was not consulted after the written test was given nor did the appointing authority in any way influence the decision to hold an oral test.
3. The decision to hold an oral test for Principal Probation Officer I, was proper and consistent with Civil Service procedures.
4. The delay between the written and oral portions of the examination was due to administrative pressures.
5. The scoring methods of the Department of Civil Service are correct and equitable; there is no statistical error.
Thereafter appellants sought to reopen the matter "for additional testimony so that a full record" could be made. Their request for a plenary hearing before the Commission was denied. They were informed by the Department that "Civil Service law and rules, specifically N.J.S.A. 11:9-6 and N.J.A.C. 4:1-8.15, provided only for a review of the record by the Commission in appeals such as the instant one," and that "Since the appellants have been afforded due process in accordance with law there is no basis for reopening this appeal." On their appeal to this court appellants contend that (1) the Commission was required, in announcing the promotional examination, to specifically set forth at that time, and not at a later time, whether the examination *540 would be only written or both written and oral; (2) after being notified of the results of the promotional examination they were, at their request, entitled to a plenary hearing before the Commission, and (3) "the method of grading the examinations was so arbitrary, capricious, or conspicuously unreasonable so as to require the nullification of the examination results."
The Chief Examiner and Secretary, in his letter of February 20, 1974, commented:
It is standard procedure of the Department of Civil Service to hold an oral test in a promotional situation in which more than five candidates are admitted to the written test * * * *.
This being so, the "standard procedure" should have been implemented by a prompt announcement by the Department of the holding of an oral test. The announcement should have been made at or immediately after the holding of the written test when it was definitely established that "more than five candidates" had been admitted to the written test. However, the delay in making the announcement does not, in the circumstances, require reversal. Appellants are not shown to have been prejudiced.
There remains, however, a bona fide dispute between McGarrity and Fiore and the Department as to the reasonableness of the method of grading used. McGarrity and Fiore claim that the method used resulted in discrimination against them. They were entitled to a plenary hearing on that detailed claim, with specific findings and conclusions to be made by the Commission. N.J.S.A. 11:5-1(d); N.J.A.C. 4:1-3.5(a) (9) (i) and (ii); 4:1-5.1; 4:1-5.11; Flanagan v. Civil Service Dep't, 29 N.J. 1, 13-14 (1959); Jersey City v. Civil Service Dep't, 57 N.J. Super. 13, 52 (App. Div. 1959); cf. Lavitz v. Civil Service Comm'n, 94 N.J. Super. 260, 266 (App. Div. 1967); Volz v. Civil Service Comm'n, 86 N.J. Super. 268 (App. Div. 1965), certif. den. 44 N.J. 398 (1965).
*541 As pointed out by the court in Artaserse v. Civil Service Dep't, 37 N.J. Super. 98 (App. Div. 1955):
* * * the judiciary is not disposed to engage in a critical supervisory examination of the composition of the questions to be propounded to candidates in promotional tests conducted by the Department of Civil Service, or to exercise an appellate review of the scoring of the answers and other like administrative functions delegated most liberally to the authorized examiners of the Department by the Legislature. The courts, however, will intervene to nullify such an examination where it is affirmatively shown to have been manifestly corrupt, arbitrary, capricious, or conspicuously unreasonable. * * * [at 105]
These basic guidelines, however, do not sanction summary dismissal by the Commission of a candidate's detailed claim of discrimination, in a general finding that "The scoring methods of the Department of Civil Service are correct and equitable; there is no statistical error." Cf. Kelly v. Civil Service Comm'n, 37 N.J. 450, 457 (1962).

As to DiGiovanna
On January 12, 1973 the Department of Civil Service issued a promotional announcement (with application form) for the title of Assistant Chief Probation Officer in the Probation Department of Essex County. The announcement set forth a "scoring code" of "03" which was defined as follows:
Seniority and record of service: 2 Written and/or Oral Test: 8 (If both tests are held the weights will be: Written Test: 5; Oral Test: 3.)
DiGiovanna filed his application. No written examination was given. An oral examination was administered to DiGiovanna and five other candidates on July 17, 1973. DiGiovanna received a final grade of 60. He protested the manner in which the examination had been conducted. In essence he charged discrimination in that (1) he had been *542 examined by only two examiners while each of the other five candidates had three, and (2) the examiner who was absent from his examination was the only one of the three examiners "who had any knowledge of the position" for which he was tested. He also raised the possibility (later withdrawn) that "there had been a mixup in the tapes and that the grade of 60 may have been someone else's." He was advised that there appeared to be no sound basis for his protest. He appealed within the Department of Civil Service. He was notified that in accordance with N.J.A.C. 4:1-8.15 the matter would be presented to the Civil Service Commission for a review and that he could submit "written argument and factual material" for the Commission's consideration. He submitted a letter brief, pointing out, among other things, that he and Elias Saltman, the examiner who withdrew from participating in the oral test given to him, had a few months before:
* * * had a difference of opinion, in front of other persons at a State Advisory Council Training session held in Princeton, New Jersey. As the representative of Essex County to the Council, I was present for his address to the group and pointed out his lack of knowledge of some New Jersey problems as a result of only recently coming from New York.
The Commission upheld DiGiovanna's failure on the examination, finding that "Mr. Saltman had excused himself [as an examiner] without any comment at all"; that, accordingly, "he did not prejudice the examination"; that "the absence of Mr. Saltman did not deprive the examining board of all technical expertise since Ms. W. Chevers, Assistant Director of Probation, City of New York, was still present," and that "the comments of the examiners" on DiGiovanna's answers to the six questions comprising the oral test "were sufficiently accurate and did warrant failure." On this appeal DiGiovanna contends that he was entitled to a plenary hearing before the Commission on his charge of discrimination. We agree. The oral promotional test given *543 to the candidates was required to be, "as far as practicable," competitive. N.J. Const. (1947), Art. VII, § I, par. 2. Thus, on DiGiovanna's appeal to the Commission, the inquiry should have been (1) whether the appellant was tested under conditions similar to those prevailing at the testing of the other candidates, and (2) whether his performance at the examination was measured by the same standards and criteria as that of the other candidates. See Kelly v. Civil Service Comm'n, supra, 37 N.J. at 461. By contrast, the Commission's summary disposition, without directing its attention to these issues, was entirely inadequate. A remand to the Department for a plenary hearing in the matter with specific findings and conclusions to be made by the Commission is, accordingly, required. N.J.S.A. 11:5-1(d); N.J.A.C. 4:1-5.1; 4:1-5.11.
Each of the matters herein is remanded to the Department of Civil Service for a plenary hearing and specific findings and conclusions, in accordance with this opinion. We do not retain jurisdiction.