TOWN OF BELLEVILLE, APPELLANT, v. DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 3, 1978—Decided January 20, 1978.

Before Judges ALLCORN, MORGAN and HORN.

*Mr. John R. Scott,* attorney for appellant.

*Mr. William F. Hyland,* Attorney General, attorney for respondent (*Ms. Erminie L. Conley,* Deputy Attorney General, of counsel; *Mr. Henry Blinder,* Deputy Attorney General, on the brief).

*Mr. Richard H. Greenstein* (*Messrs. Fox* and *Fox,* attorneys for Bernard O'Connor) submitted a letter adopting the brief of respondent.

PER CURIAM. This is an appeal from a final determination of the Civil Service Commission which held that one Bernard O'Connor, who had the highest rating on an examination for the position of building inspector for the Town of Belleville, was qualified for that position. Appellant, acting through its Commissioner of the Department of Public Works, contended that O'Connor was not qualified for the position because he did not meet the requirements set forth in the Civil Service announcement. Both O'Connor and appellant were permitted to argue the issue through submission of written facts to the Commission. Appellant

requested a hearing, but respondent denied the request and after considering the material submitted found that O'Connor was qualified for the position. The sole issue on appeal is whether appellant was entitled to a full, trial-type hearing.

While appellant contends that it is entitled to a hearing, it cites no case, statute, regulation or other authority in support of its position. It is respondent's position that at most appellant was entitled to consideration on the written record. As authority, respondent cites *N. J. S. A.* 11:23-2, which provides, in pertinent part, that:

> The chief examiner and secretary may refuse to examine an applicant, or after examination to certify an eligible who;
> a. Lacks any of the established preliminary requirements for examination or position or employment for which he applies * * *.

With respect to appeals, this statute states that

> * * * [w]hen the chief examiner and secretary refuses [*sic*] to examine an applicant or after examination to certify an eligible, the Civil Service Commission shall afford such person an opportunity to submit facts for consideration in a review of the refusal.

Respondent contends that since a candidate has no right to a hearing when he is not certified, then certainly the appointing authority has no right to a formal hearing when an applicant is certified. Respondent particularly points out that this portion of the statute has been amended, and prior to amendment it required the Commission to grant a hearing to an applicant who had not been certified.

We agree. Prior to 1966 *N. J. S. A.* 11:23-2 provided, in pertinent part, that:

> When the commission refuses to examine an applicant or after examination to certify an eligible, it shall, upon request of such person, grant a hearing upon the cause of such refusal.

That the statute has been amended to allow only submission of facts indicates the Legislature's clear intent to not require

hearings when the issue consists of the qualifications of a candidate for a Civil Service position.

Under *N. J. S. A.* 11:23–2, as it now exists, had the Commission accepted appellant's objections and found O'Connor not qualified for the position, O'Connor would only have been entitled to "submit facts" to contest that decision. It follows, therefore, that appellant also is only entitled to submit facts, as it did, since there is no reason why an appointing authority should have greater procedural rights than an applicant.

We take time to comment on what counsel for appellant suggests is a brief. There is no separate "procedural history" incorporated therein, contrary to *R.* 2:6–2. The argument contained therein cites no law, case or statutory, but merely states appellant's position, apparently leaving to us or to respondent the task of making the legal investigation which might possibly support appellant's asserted position. We have seriously considered suppressing the so-called brief, *State v. Hild,* 148 *N. J. Super.* 294 (App. Div. 1977), or imposing a fine upon appellant's counsel, *Miraph Ent., Inc. v. Paterson Bd. of Alco. Bev.,* 150 *N. J. Super.* 504 (App. Div. 1977). However, we feel, in the final analysis, that these comments may constitute sufficient warning to said attorney for his benefit in the future.

Affirmed.