IN THE MATTER OF FRANCIS X. CRITCHLOW.

Superior Court of New Jersey
Appellate Division

Argued May 13, 1985—Decided June 4, 1985.

Before Judges DREIER and SHEBELL.

*Arnold C. Lakind* argued the cause for appellant (*Szaferman, Lakind, Blumstein & Watter*, attorneys; *Arnold C. Lakind*, on the briefs).

*Gale P. Simon*, Deputy Attorney General, argued the cause for respondent (*Irwin I. Kimmelman*, Attorney General, attorney; *Deborah T. Poritz*, Deputy Attorney General, of counsel; *Gale P. Simon*, on the brief).

The opinion of the court was delivered by

SHEBELL, J.A.D.

Appellant Francis X. Critchlow appeals the final determination of the Civil Service Commission that he is ineligible to take the examination for Chief, Bureau of Training and Staff Development in the Department of Corrections. This case has a long and torturous history commencing in October of 1981 when the Department of Civil Service in announcing the examination, published the requirements for this position as follows:

> Five (5) years of professional experience in planning, administering and coordinating training and staff personnel development programs for individuals having the responsibility for custody, safety and rehabilitation of persons deprived of their liberty.

Critchlow in his application stated he had six years and six months of experience as a Senior Training Technician at the Department of Corrections and described the duties of his position as follows:

> Prepare lesson plans, teach[,] administer tests to correctional personnel at Corr. Officers Trng. Acad. Staff training & development.

His application for admission to the examination was granted.

By letter of March 4, 1982 Critchlow's supervisor, Thomas Cooper, without Critchlow's knowledge, wrote to Civil Service urging that Critchlow be found ineligible to sit for the examina-

tion. Cooper, the incumbent chief, was also scheduled to take the examination for the position he then held on a provisional basis. He alleged Critchlow had only minimal involvement in training operations and that his chief duties were the processing of invoices and other fiscal forms and that he had no supervisory duties nor staff which reported to him. Cooper also supplied a copy of the duties questionnaire completed by Critchlow on August 15, 1979 which he claimed indicated Critchlow had no supervisory function. Although some 43 specific job duties were listed, the three main ones allegedly were clerical duties, and to collect and transport laundry to and from trainee dormitories.

Civil Service later "discovered" that on June 15, 1981 job specifications for the Chief position were issued which required the following experience:

> Five years of professional experience in planning, administering and coordinating *large scale* training and staff personnel development programs for individuals having the responsibility for custody, safety and rehabilitation of persons deprived of their liberty. Four of the five years should have been in a *supervisory capacity.* [ (emphasis ours) ]

By letter dated June 23, 1983 Civil Service rescinded Critchlow's eligibility and advised him his application did not demonstrate that he possessed the requisite experience in planning, administering and coordinating training and staff personnel programs. Critchlow, in seeking reconsideration, submitted three schedules of training programs conducted at the Correction Officers Training Academy and Staff Development Center in 1983, a recruit test average tally sheet and various job specifications. He was again held eligible by Civil Service on August 9, 1983. However, on September 14, 1983 Cooper, again without appellant's knowledge, wrote Civil Service questioning Critchlow's eligibility. On September 30, 1983 the Deputy Director, Division of Policy and Planning, Department of Corrections, wrote to Civil Service challenging Critchlow's eligibility stating he personally observed Critchlow's job activities and that his duties did not involve supervision or coordination of training programs. On October 14, 1983 the Director of Examinations

notified Critchlow that a review of his eligibility revealed he had neither the requisite supervisory experience nor the administrative and managerial experience necessary. Critchlow appealed the Director's decision to the Civil Service Commission on November 21, 1983 and on March 22, 1984 the Civil Service Commission issued a final decision finding Critchlow's duties did not meet the experience requirements for the Chief examination.

Critchlow filed a notice of appeal with this court on May 7, 1984 resulting in our order of September 21, 1984 temporarily remanding the case to the Civil Service Commission for "further hearings to permit appellant to meet all factual and legal issues, including the question of the applicable qualifications for the position." It was apparent Critchlow had never seen either the submissions of Cooper or that of the Deputy Director of Policy and Planning. On remand appellant sought an adversarial hearing before the Civil Service Commission arguing it was required by our order. The Commission took the position that the matter would "proceed on the written record since the cross-motion requesting referral ... to the Office of Administrative Law was denied by the Appellate Division."

On October 26, 1984 the Director of Classification and Compensation issued a memorandum for consideration by the Civil Service Commission which explained that a "specification transmittal" submitted by the Department of Corrections for the Chief position was lost for over a year and was not located until after the time that the examination announcement was made. Although those specifications required "large scale" and "supervisory capacity" criteria, the specifications issued on August 21, 1981 did not contain these requirements.

On December 6, 1984 the Civil Service Commission issued its decision on remand incorporating its first decision by reference and stating that the experience requirement had been incorrectly announced and should have included the "large scale" and "supervisory capacity" criteria. The Commission reaffirmed its

decision that under these standards appellant was ineligible as he failed to carry his burden of proof that he possessed the requisite experience.

*N.J.S.A.* 11:9–1 provides that the Civil Service Commission "shall, from time to time, when ... necessary to meet the needs of the service, hold tests for the purpose of establishing employment lists for the various positions in the classified service." The tests must be "of such character as fairly to test and determine the qualifications, fitness and ability of the person tested actually to perform the duties of the class or position...." *N.J.S.A.* 11:9–3. When the announcement of the examination was originally given it was, as now, required to contain "minimum qualification requirements for admission." *N.J.A.C.* 4:1–8.3(c)4 (current version at *N.J.A.C.* 4:1–8.3(d)4). An applicant then was, as today, required to "[m]eet all the requirements specified in the official announcement of the examination." *N.J.A.C.* 4:1–8.8(a)2 (current version at *N.J.A.C.* 4:1–8.7(a)2). When the Commission refuses to test an applicant, it is required to "afford such person an opportunity to submit facts for consideration in a review of the refusal." *N.J.S.A.* 11:9–6. This entire process is obviously dependent upor proper establishment of "[m]inimum qualification requirements for admission to the examination" as required currently by *N.J. A.C.* 4:1–8.3(d)4 and in 1981 by *N.J.A.C.* 4:1–8.3(c)4.

We as a court are not free to substitute our judgment as to the wisdom of fair and reasonable administrative action; however, it is our function to determine whether such action has been arbitrary or unreasonable and whether the Commission has carried out its actual responsibilities or "violated legislative policies expressed or implicit in the civil service act." *Campbell v. Dept. of Civil Service*, 39 *N.J.* 556, 562 (1963); *see Gloucester Cty. Welfare Bd. v. N.J. Civ. Serv. Comm'n*, 93 *N.J.* 384, 398 (1983); *Dougherty v. Human Serv. Dep't*, 91 *N.J.* 1, 12 (1982); *Cunningham v. Dept. of Civil Service*, 69 *N.J.* 13,

22–26 (1975); *Rox v. Dept. of Civil Service,* 141 *N.J.Super.* 463, 468–69 (App.Div.1976).

If one were creating a script for a scenario seeking to demonstrate how to undermine confidence in the Civil Service system the author would be hard put to outdo the events depicted in the present case. It would serve no useful purpose to dwell any further on the conflicting and almost mysterious events that have surrounded appellant's application. It is sufficient to state that the record of errors has without question succeeded in undermining confidence in a process which was required to provide "fair and impartial treatment for all applicants for employment and all employees in the classified service." *N.J.A.C.* 4:1–1.2 (current version at *N.J.A.C.* 4:1–1.1).

Appellant was declared eligible to sit for the examination under both sets of specifications. We are satisfied that having been afforded this special interest, and considering the special circumstances of this case, appellant is entitled to a trial-type hearing to resolve the issues which were thereafter raised to take from him the special interest previously conferred. *Cunningham,* 69 *N.J.* at 18–26; *cf. Volz v. Civil Service Com.,* 86 *N.J.Super.* 268, 271 (App.Div.1965), certif. den. 44 *N.J.* 398 (1965); *Bingham v. Dept. of Civil Service,* 77 *N.J.Super.* 459, 465–68 (App.Div.1962), aff'd o.b. 40 *N.J.* 330 (1963); *Mangan v. Dept. of Civil Service,* 29 *N.J.Super.* 303, 308 (App.Div.1954). Our holding is with full recognition that the Legislature intended that no hearing be required "when the issue consists of the qualifications of a candidate for a Civil Service position." *Belleville v. State Dept. of Civil Service,* 155 *N.J.Super.* 517, 519–20 (App.Div.1978); *see also Honachefsky v. N.J. Civil Service Comm'n,* 174 *N.J.Super.* 539, 543–44 (App.Div.1980). Here there are issues which need to be presented in an evidential and adversarial manner in light of the substantial questions raised concerning the specifications for eligibility in addition to the controversy concerning appellant's qualifications. The required determinations cannot be made to the satisfaction of all

involved without an adversarial proceeding based upon proofs as findings of credibility and a determination of the authenticity of the "lost" specifications must be made in order to restore confidence in the process.

Further, fundamental fairness at this juncture requires that the hearing include proof of whether or not the specifications predated the examination announcement as such finding may be evidential as to the need for the "large scale" and "supervisory capacity" criteria. The need for such criteria and the effect of their inclusion on the number of persons eligible for the position must be fully explored to ensure that the examination is competitive, and open to all who are fairly qualified to carry out performance of the duties of Chief. As also required by our previous order the hearing shall review appellant's qualifications for the position.

We remand to the Civil Service Commission which may elect to hold the hearings or to refer the matter to the Office of Administrative Law for the required hearings. *See N.J.S.A.* 52:14B–10(c), :14F–8b. "[I]t appears appropriate to follow the guidelines of the Administrative Procedure Act in contested cases, to permit the parties to present evidence and argument on the issues involved. *N.J.S.A.* 52:14B–9." *Matter of Controlled Cable Corp.*, 95 *N.J.* 473, 484 (1984); *see also Cunningham*, 69 *N.J.* at 25–26. The hearing tribunal shall make findings of fact and conclusions of law. If this function is carried out by an Administrative Law Judge, the Judge shall make such recommendations to the Civil Service Commission as may be requested by the Commission. The final determination of the Civil Service Commission shall be based upon the record of the hearings herein ordered.

The order of the Civil Service Commission appealed from is reversed and the matter is remanded as directed hereinabove. We do not retain jurisdiction.