BRATTON ET AL. *v.* CHANDLER ET AL., INDIVIDUALLY AND AS COPARTNERS UNDER THE FIRM NAME OF CHANDLER & WALDEN, ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TENNESSEE.

No. 239. Argued October 10, 1922.—Decided November 13, 1922.

1. A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional, but also grave doubts upon that score. P. 114.
2. The law of Tennessee providing for licensing real estate brokers and salesmen and creating a real estate commission, where it authorizes the commission to " require and procure " proof of the honesty, etc., of any applicant, before issuing him a license (Laws 1921, c. 98, § 8), does not contemplate that such proof may be procured by the commission secretly, without giving the applicant notice or opportunity to learn its nature and source and to meet it. P. 114.
Reversed.

APPEAL from a decree of the District Court granting a temporary injunction restraining the appellant state officials from executing, as respects the appellees, a statute requiring real estate brokers to obtain licenses.

*Mr. M. M. Neil* and *Mr. Nathan William MacChesney,* with whom *Mr. Frank M. Thompson,* Attorney General of the State of Tennessee, *Mr. Thomas H. Jackson* and *Mr. James L. McRee* were on the briefs, for appellants.

*Mr. Elias Gates,* with whom *Mr. Julian C. Wilson* and *Mr. Walter P. Armstrong* were on the brief, for appellees.

MR. JUSTICE McKENNA delivered the opinion of the Court.

The appellees, as complainants in the District Court in their capacity as copartners, or as individuals, assailed the constitutionality under the Fourteenth Amendment of the Constitution of the United States, of a statute of Tennessee passed in 1921, entitled, "An Act to define, regulate and license real estate brokers and real estate salesmen; to create a State Real Estate Commission, and to provide a penalty for a violation of the provisions hereof." Pub. Acts, 1921, c. 98.

Appellants Bratton, Adams and Brownlow were appointed Commissioners under the act, and they and the appellant Bates, as Attorney General of Shelby County, or as District Attorney General (he is described as the latter in the answer) of the County, were, it is alleged, charged with the duty of enforcing the act.

The pleadings are very elaborate and need not be reproduced. The court restrained the execution of the statute until its further order, basing its action upon the provisions of the statute, which the court decided did not afford to applicants for licenses due process of law. To review the order and the grounds of it, this appeal is directed.

The act constitutes a Commission to be appointed by the Governor of the State, and in twenty-one sections defines the powers and duties of the Commission, the qualifications of applicants for licenses, and the procedure they must observe.

The District Court (three judges sitting) gave a very studious and comprehensive consideration to the provisions of the act, but rested its decision adverse to the constitutionality of the act upon § 8. The determining pertinency of the section the court expressed by saying that "the first step in the proposed regulation" of the real estate business "is the granting and issuing of licenses as provided in Section 8" of the act. That "section gives color and purpose to every other section in the Act and without which the other sections would be meaningless."

We may then accept the controlling and comprehensive effect of the section and concentrate attention and decision upon it, pretermitting all others, or comment upon them.

The condemning comment of the court was that § 8 authorized the Commission, not only to require an applicant to furnish evidence of his qualifications, but to *procure* independently of the applicant any proof it may deem desirable, and this without any provision for notice or opportunity to meet the evidence so procured, nor even to be advised of the nature or source of the evidence. Because of this delinquency, the court was of opinion that the act did not afford due process of law and was, therefore, unconstitutional and void.

Are the comment and conclusion justified? The section requires an application for a license to be made in writing and provides, with circumstantial detail, what it shall contain, and concludes as follows: "The Commission is hereby authorized to require and *procure* [italics ours] any and all satisfactory proof as shall be deemed

desirable in reference to the honesty, truthfulness, reputation and competency of any applicant for a real estate broker's or salesman's license, or, of any of the officers or members of any such applicant, prior to the issuance of any such license. The Commission is expressly vested with the power and authority to make, prescribe and enforce any and all such rules and regulations connected with the application for any license, as shall be deemed necessary to administer and enforce the provisions of this Act."

The District Court, in further comment upon the provision, expressed a doubt that any rulings or regulations that might be promulgated by the Commission would cure the defect of the statute and added, "however, that question is not here presented, for it does not appear from the pleadings in this case that any such rules have been promulgated though the Commission is functioning in manner and form as authorized by the statute."

So determined was the court in the view it had of § 8, that it rejected the immunity which § 19 gave from the unconstitutionality which might taint any section or provision of the act from extending to other sections or provisions. "Be it further enacted," is the declaration of § 19, "That should the courts declare any section or provision of this Act unconstitutional, such decision shall affect only the section or provision so declared to be unconstitutional, and shall not affect any other section or part of this Act."

The court justified its rejection of § 19 because, in its view, the section had "no application in determining the validity of the sections in which the unconstitutional provision is found." To this conclusion the court considered itself constrained because, to eliminate the offensive part of § 8 "would emasculate the entire section," and the Commission "would be a mere automaton without authority to determine the fundamental questions of the

right of the applicant for a license," because it would be confined to and be compelled to accept as conclusive, the evidence presented by the applicant, which the court considered " was not the legislative intent." And hence the court's conclusion was that § 8 was " so closely related to the valid sections that without it they could serve no purpose within the contemplation of the legislature ", citing *Weaver* v. *Davidson County,* 104 Tenn. 315; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540, 565.

The views of the court are stated with great force, but we are unable to yield to them—their reasoning or conclusions. By § 8, as we have said, the Commission is ". authorized to *require* and *procure* [italics ours] any and all satisfactory proof as shall be deemed desirable in reference " to the conditions and qualifications of applicants for licenses. The words are " require and procure." They seem to have independent and cumulative meaning, one demanding publicity, the other permitting secrecy. But to this possibility we are not disposed; we prefer the admonition of the cases and their decision as expressed in *United States* v. *Jin Fuey Moy,* 241 U. S. 394, 401, as follows: "A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score. *United States* v. *Delaware & Hudson Co.,* 213 U. S. 366, 408."

In the cited case the admonition is said to express an elementary rule; and we think the statute of Tennessee attracts, instead of repels, the admonition. The statute is drawn with care to details and their importance, importance to the business regulated and the persons who will desire to engage in it; action under it was intended, therefore, to be open and direct, not to be remitted in any part to secrecy, prejudice or intrigue.

In conclusion, we may say, that if the word " procure " is more than a tautological repetition of the word "require", it was only to confer the power of affirmative

direction upon the Commission, necessarily to be exercised in supplement to the action of the applicant and with the same publicity and opportunity of the applicant to meet adverse evidence.   And the act, construed as we construe it, will take no power from the Commission necessary to the performance of its duties, and will leave no power with it that it can exercise to the detriment of any right assured to an applicant for a license by the Constitution of the United States.

The decree of the court ordering the issuance of a temporary injunction is

*Reversed and the case remanded for further proceedings in accordance with this opinion.*