ARNOLD ZICHERMAN, APPELLANT, v. DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, AND JOSEPH B. SUGRUE, AS PRESIDING JUDGE OF THE ESSEX COUNTY DISTRICT COURT, RESPONDENTS.

Argued May 21, 1963—Decided July 1, 1963.

*Mr. Lester Sandles* argued the cause for the appellant (*Messrs. Sandles & Sandles,* attorneys; *Mr. Lester Sandles,* on the brief).

*Mr. William L. Boyan,* Deputy Attorney General, argued the cause for the respondent, Department of Civil Service of the State of New Jersey, (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

*Mr. Nicholas T. Fernicola* appeared on behalf of the respondent, Joseph B. Sugrue, Presiding Judge of the Essex County District Court.

PER CURIAM.   In March 1961 the Department of Civil Service (Department) issued a public notice announcing that a promotional examination would be held for the position of Clerk of the District Court, Essex County.  The examination was open to any District Court employee who had served as a deputy clerk in a permanent capacity for at least one year. The examination was to consist of a written test, an oral interview, and a rating for seniority.  A score of 70% on each of the three components of the examination was required as a qualification for appointment.  The public notice indicated that in determining a candidate's overall grade, a weight of 4 would be given to his written test score, a weight of 3 to his oral test score, and a weight of 3 to his rating for seniority and record of service.  Four of the District Court employees were eligible and each filed an application for the examination.  Two of the applicants achieved a passing score on the written test.  The other two, including the appellant, failed to achieve a score of 70% on the written test and, in accordance with civil service practice, were excluded from further participation in the examination.  See *R. S.* 11:23–4.

Shortly after the appellant took the written test, and again after he received notice of his failure to pass, he wrote a letter to the Department in which he complained that the questions on the test were not appropriate under *R. S.* 11:23–6 to the position of Clerk of the District Court, and that the examination should therefore be nullified. In his second letter, he also requested an opportunity to appear before the Department to express his objections if the Department failed to conduct an appropriate examination pertaining to the duties of Clerk of the District Court. In the Department's final answer to the appellant's letters regarding the examination, it said:

"The above examination has been thoroughly reviewed by our technical staff and by our Deputy Attorney General and has been found to be in order and appropriate for the position. In view of these circumstances we regret that no change in your grade appears to be indicated and that no useful purpose would be served by your appearing before the Civil Service Commission. It is also our opinion that there is no apparent reason for nullifying the examination."

The appellant appealed from the above determination and moved before the Appellate Division for leave to take additional evidence "for the purpose of establishing in detail the actual duties performed by the Supervising Clerk of the Essex County District Court, so that the appellant may be afforded an adequate and reasonable opportunity to demonstrate that the examination * * * was conspicuously unreasonable and substantially unrelated to the actual duties and functions of the Supervising Clerk." The appellant further asked for an order enjoining Judge Joseph B. Sugrue, Presiding Judge of the Essex County District Court, from appointing any of the candidates to the position of Clerk pending review of the proceedings. Leave was also sought to have the examinations and answers made available to the appellant, and to take testimony for the purpose of determining the qualifications of those who prepared the examination without revealing their identity. The Appellate Division entered an order enjoining Judge Sugrue from appointing any of the candidates to the

position of Clerk, pending determination of the appeal. In lieu of taking the additional evidence requested by the appellant, the court directed Judge Sugrue to furnish it with a statement describing "the actual duties" of the District Court Clerk. Further, the court directed the Department to make available to the appellant the examination questions and their answers on condition that they should not be publicized or used in any way except in connection with the appeal. Finally, the appellant's application to take testimony as to the qualifications of the persons who prepared the examination was denied. (The denial of this part of the appellant's motion is not challenged on this appeal.) Thereafter, the Department supplied the appellant with the examination questions and answers of the four applicants, and Judge Sugrue submitted a statement of the specific duties of the Clerk of the District Court. These documents were incorporated in the record. Before the appeal was heard in the Appellate Division, however, we certified the matter on our own motion.

*R. S.* 11:23–6 provides:

"Examinations shall be practical in character and shall relate to matters which will fairly test the relative capacity of the person examined to discharge the duties of the position to which he seeks appointment, and may include tests of physical qualifications and health, and when appropriate, of manual skill. No question in an examination shall relate to the political or religious opinions or affiliations of such person."

The appellant contends that the examination in question violated the above statute because it "was not competitive, and that it bears no rational relationship to the actual duties of the Clerk of the District Court to the end that he [appellant] was not afforded an opportunity to demonstrate his knowledge and skill and ability to discharge the duties of the Clerk."

██ The preparation and administration of civil service examinations is an administrative function "delegated most liberally to the authorized examiners of the Department [of Civil Service] by the Legislature." *Artaserse v. Dept. of Civil Service,* 37 *N. J. Super.* 98, 105 (*App. Div.* 1955). The

fulfillment of that function is a matter requiring special expertise, involving as it does the determination of what job knowledge, skills and abilities are necessary or desirable in a candidate for a particular position, and the highly technical problem of devising suitable examination questions which will demonstrate as accurately as possible whether an applicant possesses those requirements sufficiently to qualify for the position. See *Brotspies v. Dept. of Civil Service, N. J.,* 66 *N. J. Super.* 492, 496–497 (*App. Div.* 1961). In view of the above, the courts cannot intervene to nullify a civil service examination unless it is clearly shown that the Department has abused its discretion. See *Flanagan v. Civil Service Department,* 29 *N. J.* 1, 12 (1959), where this court said:

> "It is important to the efficient functioning of the public service employment program that '[c]ourts should let administrative boards and officers work out their problems with as little judicial interference as possible. They may decide a particular question wrong— but it is their question. [They are] vested with a high discretion, and its abuse must appear very clearly before the courts will interfere.' *Maxwell v. Civil Service Commission,* 169 *Cal.* 336, 146 *P.* 869, 871 (*Sup. Ct.* 1915). If there is any fair argument in support of the course taken or any reasonable ground for difference of opinion among intelligent and conscientious officials, the decision is conclusively legislative, and will not be disturbed unless patently corrupt, arbitrary or illegal. Doubts held by the court as to the wisdom of the administrator's decision do not alter the case."

See also, *Kelly v. Civil Service Com.,* 37 *N. J.* 450, 460 (1962); *Brotspies v. Dept. of Civil Service, N. J.,* 72 *N. J. Super.* 334, 342 (*App. Div.* 1962); *Artaserse v. Dept. of Civil Service, supra,* at p. 105.

Our review of the examination in question shows that it was designed to measure the general competence and intelligence of an applicant, as well as to test him on matters connected with the duties of the position of District Court Clerk. There is no doubt that general competence and intelligence are proper objectives of a civil service examination, as long as the level of intelligence required to pass the examination bears a reasonable relation to that which is necessary to properly

perform the duties of the position for which the examination is given. We find no basis for disturbing the Department's judgment in this respect.

After making a careful review of all the examination questions and the answers deemed correct by the Department, we conclude that no abuse of discretion on the part of the Department has been shown. Although the answers deemed correct to two of the questions would appear to be erroneous, granting the appellant credit for those two questions would not materially change his score. While we think the relevancy of a few of the specific knowledge questions to the duties of Clerk of the District Court may be open to debate, we cannot say that the examination as a whole was not "practical in character" or that it did not "relate to matters which will fairly test the relative capacity of the person examined to discharge the duties of the position to which he seeks appointment." *R. S.* 11:23–6.

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.