ROBERT V. PRINGLE, APPELLANT, v. NEW JERSEY DE-
PARTMENT OF CIVIL SERVICE AND BOROUGH OF
BELMAR, RESPONDENTS.

Argued February 15, 1965—Decided July 7, 1965.

*Mr. Maurice B. McLaughlin* argued the cause for appellant.

*Mrs. Marilyn H. Loftus-Schauer,* Deputy Attorney General, argued the cause for respondent, New Jersey Department of Civil Service (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney; *Mrs. Loftus-Schauer,* of counsel and on the brief).

*Mr. Harold Feinberg* argued the cause for respondent, Borough of Belmar.

The opinion of the court was delivered by

SCHETTINO, J. This case involves the validity of a civil service promotion authorized and made without the benefit of competitive examination.

On January 22, 1963 Harold F. Thompson was temporarily appointed Captain of Police by and for the Borough of Belmar. The Civil Service Commission thereafter issued public notice of its intention to conduct a competitive examination in order to prepare a list of candidates eligible for permanent appointment to the position. *N. J. S. A.* 11:22–16. Three eligibles applied to take the examination; sergeants Robert V. Pringle, Harold F. Thompson and Jack J. Manutti. On October 14, 1963 the president of the Civil Service Commission authorized Thompson's promotion to the permanent po-

sition of captain pursuant to Civil Service Rule 24,[1] thereby dispensing with the scheduled competitive examination. The authorization was in accordance with the Commission's long standing practice of limiting promotions under Rule 24 to eligibles who have previously passed an equivalent examination; Thompson's prior appointment as sergeant was made from a promotional appointment list promulgated after competitive examination. The borough thereafter formally appointed Thompson to that position on a permanent basis.

On December 17, 1963 appellant filed a protest with the Commission claiming that his rights had been violated because the promotion was made without the benefit of the scheduled examination. After a review of the proceedings, the Commission determined that appellant's rights had not been violated and advised him accordingly. Appellant appealed to the Appellate Division. We certified the cause on our own motion before argument was had in the Appellate Division. At argument, we requested counsel to submit supplemental memoranda on several issues.

Promotion in the civil service is according to merit and fitness ascertained as far as practicable by examination, which also, as far as practicable, is competitive. *N. J. Const., Art 7*, § 1, *par.* 2; *R. S.* 11:21–3; 11:4–2. The Commission's function is to ascertain those applicants possessed of these qualities and to certify their names to the appointing authority. *N. J. S. A.* 11:22–16. Specifically, *N. J. S. A.* 11:22–16 provides that the Commission certify to the appointing authority the names and addresses of three candidates willing to accept employment standing highest on the register for the class or grade in which the position belongs. The appointing authority then shall select one of the three for appointment, but it

---

[1] Insofar as pertinent to this appeal, this rule provides:

"When there are not more than three persons eligible to take the promotion test or not more than three of those who are eligible file application to take such test and the preference rights of veterans will not be affected the president may, in his discretion, authorize such promotion without competitive test."

is under no obligation to select the candidate standing highest on the list.

As noted above Rule 24 under which Thompson was promoted provides in part that when there are not more than three persons eligible to take the promotion test or not more than three of those who are eligible file applications to take such test and the preference rights of veterans will not be affected, the president may, in his discretion, authorize such promotion without competitive test. Appellant contends that a promotion under this rule violates the constitutional and statutory mandates requiring an examination for promotion.

The Commission maintains that Rule 24 is justified on the grounds that where the facts enumerated in the Rule are present, an examination would be impracticable. For, as there are only three candidates, the appointing authority can, irrespective of the examination results and standings, appoint any one of the three.

The elimination of an examination on the basis of impracticality in these circumstances has been an established practice since 1908, shortly after the adoption of the civil service system.[2] The principle is well established that resort

---

[2] On October 6, 1908 Rule XI (6) of the *Rules of the Commission and The Civil Service Law* was promulgated, providing:

"Whenever there are not more than three persons eligible to any promotion the appointing officer may nominate one of such eligible persons who may be promoted upon passing the required examinations; but no examination shall be required for promotion to the next higher grade in such a case. * * * (iii) when such person entered the service through open competitive examination if there is not required for original entrance to the position to which promotion is sought an examination involving essential tests or qualifications different from or higher than those required for original entrance to the position held by such person."

The number of the rule was changed in 1919 to Rule VII, sec. II of the *Rules of the New Jersey State Civil Service Commission* and was revised to read:

"* * * If there are not more than three persons eligible, or if not more than three persons file application, no examination shall be required when the person to be promoted has qualified in an examination of an equivalent character."

may be had to long usage, contemporaneous construction and practical interpretation in construing statutes, to ascertain the meaning of technical terms, to confirm a construction deduced from the language, to explain a doubtful phrase or to ascertain the meaning of a phrase if obscurely expressed. *State v. LeVien,* 44 *N. J.* 323, 330 (1965) ; *Lane v. Holderman,* 23 *N. J.* 304, 322 (1957) ; *Swede v. City of Clifton,* 39 *N. J. Super.* 366, 377 (*App. Div.* 1956), affirmed 22 *N. J.* 303 (1956); *State Dept. of Civil Service v. Clark,* 15 *N. J.* 334, 341 (1954) ; *Suburban Electric Co. v. City of Elizabeth,* 59 *N. J. L.* 134, 137 (*Sup. Ct.* 1896).

Furthermore, the continuous practical interpretation of the statute by the Commission over a period of years without interference by the Legislature is evidence of its conformity with the legislative intent. *Walsh v. Dept. of Civil Service,* 32 *N. J. Super.* 39, 48 (*App. Div.* 1954) ; 2 *Sutherland, Statutory Construction* (*3d ed.* 1943) §§ 5107, 5109. Similarly, we note that *N. J. S. A.* 11:22–16 has been amended three times since the promulgation of the rule (*L.* 1920, *c.* 298, § 2, *p.* 541; *L.* 1932, *c.* 122 § 2, *p.* 205; *L.* 1952, *c.* 48, § 1, *p.* 368) without alteration of the provisions providing for the rule of "one out of three" on which the Commission relies for its finding of impracticability. See *Lane v. Holderman, supra,* 23 *N. J.,* at *p.* 323 ; *Sutherland, supra,* § 5109.

More importantly, the practical construction of this statute and the acceptance thereof being of such long standing, we

---

In 1930, the basic format of the present rule was promulgated as Rule 19, providing in part:
"* * * should not more than three persons be eligible to take the promotion tests, or should not more than three of those eligible file application to take the promotion tests, the Commission may, in its discretion, authorize such promotion without competitive tests; * * *."

In 1931 the Rule was renumbered as 24. Although there have been several revisions of the civil service rules since 1931, this Rule has remained substantially unaltered with the exception of the 1949 revision which added the requirement that veterans' preferences be honored and which shifted the discretion to dispense with an examination from the Commission to the president.

know of no reason why we should compel departure from it now.[3] See *State Dept. of Civil Service v. Clark, supra.*

Appellant finally contends that the delegation of the authority to dispense with an examination by the Commission to the president is invalid, citing *Zahn v. Department of Civil Service,* 8 *N. J.* 423 (1952),[4] and other cases referring to *Zahn.*

The issue thus raised is whether the power to dispense with an examination on the basis of impracticability is an executive

---

[3] We note with particular concern that the requirement that the appointee have previously passed an examination testing the basic skills required for the position to which he is being promoted was deleted for no discernible reason from the text of the rule in 1930. Counsel for the Commission informs us that in practical operation an examination will not be waived without the applicant's prior passage of an equivalent examination and further that an applicant, having previously failed an examination for the same title, will not be appointed under Rule 24. To ensure a clear exposition of the Commission's procedures and practices we suggest the Commission consider the insertion of these criteria as provisions in the rule in the following form: When there are not more than three persons eligible to take the promotion test or not more than three of those who are eligible file applications to take such test and the preference rights of veterans will not be affected, the president may authorize the promotion of one of the candidates if said candidate has previously taken and passed an examination for the basic skills required in the position to which he is being promoted and provided, however, that said candidate has not previously failed to pass an examination for the position to which he is appointed. *Cf.* Rule 53(2)(d), *The Civil Service Rules For The State of New Jersey* (1962).

The Commission lists other criteria which constitute conditions precedent to Rule 24 action. We would suggest their inclusion in the rule as well.

[4] However, we note that Mr. Chief Justice Vanderbilt, for the Court, stated (at *pp.* 427–428):

"Another question suggests itself with respect to Rule 24: Is the delegation of authority to the President of the Civil Service Commission attempted in Rule 24 valid? The answer would seem to turn on whether or not the power so delegated is an executive function within the meaning of *R. S.* 11:1–6, *N. J. S. A.* These doubts as to Rule 24 were not raised below. They were posed by the court for the first time on the argument here. We do not pass on them at the present time because they were not completely briefed or argued and it is possible to dispose of the case otherwise."

functon, power or duty under *N. J. S. A.* 11:1–6 which provides that all executive functions, powers and duties vested in the Commission by any section of the Title shall be performed, exercised or discharged solely by the president who shall also exercise general supervision over all activities carried on under the Title. Although the word "executive" in its numerous connotations has various meanings, the context most generally applicable is that of the division of the powers of government, *i. e.,* executive, legislative and judicial. See *Slate ex rel. McNamara v. Civil Service Commission,* 128 *Conn.* 585, 24 *A.* 2d 846 (*Sup. Ct. Err.* 1942). It was in this context that the Legislature was speaking, delegating the executive functions to the president and reserving the judicial and legislative functions to the Commission. See *N. J. S. A.* 11:5–1.

We note that the president has exercised this power since 1949 and that although the validity of this interpretation and practice has been subject to question (see *Zahn, supra; Falcey v. Civil Service Comm. of New Jersey,* 16 *N. J.* 117 (1954); *Flanagan v. Dept. of Civil Service,* 29 *N. J.* 1 (1959)), the Legislature has not interfered. As we stated above, this is evidence of conformity with legislative intent. See *Walsh, supra; Sutherland, supra,* § 5109.

 Thus, since it was the intention of the Legislature to have the president administer the mechanics of the act and as we have previously held the power to dispense with an examination on the basis of impracticability to be an administrative function (*Falcey, supra,* 16 *N. J.* 117, 123; *DeStefano v. Civil Service Commission,* 130 *N. J. L.* 267, 269 (*E. & A.* 1943)), it follows that in this context we hold it to be an executive function. *Cf. Kelley v. John,* 162 *Neb.* 319, 75 *N. W.* 2d 713 (*Sup. Ct.* 1956); *Norfolk & W. Ry. Co. v. Board of Public Works,* 124 *W. Va.* 562, 21 *S. E.* 2d 143, 146 (*Sup. Ct. App.* 1942); *Drumheller v. Berks County Local Board No. 1,* 130 *F.* 2d 610, 611 (3 *Cir.* 1942).

Affirmed, no costs.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.