ROBERT MALONE, LOUIS POSTEL AND BARTHOLOMEW BEVINS, APPELLANTS, v. JAMES L. FENDER, JOSEPH H. CAPASSO, ROBERT J. OLDKNOW, JOSEPH A. STUART, MICHAEL C. STOIA, THOMAS H. MAGEEAN, WILLIAM R. CONN, GEORGE J. FLANAGAN, EMIL J. NIGRO, RAYMOND J. HERMANN, WARREN B. WILSON, JOHN A. ROBERTS, WILLIAM G. SCHALK, WILLIAM DOUGAN, JAMES MALCOLM, JAMES HERON, GEORGE J. HARRIS, THEODORE J. DURANTE, FRANCIS X. LYNCH, FRANCIS J. MEYERS, JOHN L. PALMER, JOSEPH McMILLAN AND DANIEL TAYLOR, RESPONDENTS, v. CIVIL SERVICE COMMISSION, DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, APPELLANT.

Argued December 11, 1978—Decided May 22, 1979.

131

*Ms. Erminie L. Conley,* Assistant Attorney General, argued the cause for appellant, Civil Service Commission (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney; *Mr. Henry D. Blinder,* Deputy Attorney General, on the brief).

*Mr. Richard H. Greenstein* argued the cause for appellants, Robert Malone, et al. (*Messrs. Fox and Fox,* attorneys).

*Mr. Edward Weisslitz* argued the cause for respondents (*Messrs. Schechner and Targan,* attorneys).

The opinion of the court was delivered by

HANDLER, J. The issue on this appeal is whether the Civil Service Commission has the power to extend for a third year a local government employment eligibility list originally promulgated for two years. More specifically, the questions presented are whether *N. J. S. A.* 11:22–32, which provides for the duration of such eligibility lists, contemplates an extension beyond the term of the list as originally fixed and, if so, whether the Commission has validly extended the term

here in light of the evidence presented and after the list had already expired.

In August 1974 the Department of Civil Service held a promotional examination for the position of Fire Captain in the Town of Kearny. The Department subsequently issued an employment eligibility list effective October 31, 1974, which ranked the 32 candidates who had successfully completed the examination. The list was to be in effect for two years, expiring on October 30, 1976.

In November 1974 the Town appointed the top four candidates from the list to Fire Captain positions. Thereafter, in August 1976, the Town asked the Civil Service Department to conduct another examination. An exam was held in February 1977, and a new list was promulgated on June 23, 1977, with an expiration date of June 22, 1979.

On October 5, 1976, before the scheduling of the second examination and shortly before the 1974 eligibility list was due to expire, petitioners, Kearny firemen who were ranked fifth through seventh on the 1974 list but had not been promoted to Fire Captain, requested from the Civil Service Commission an extension of the list for an additional year. Their request was repeated in a letter dated October 21, 1976 sent to the Director of Local Government Services of the Civil Service Department. That letter refers to a contemporaneous conversation between petitioners' counsel and the Director to the effect that pending action by the Commission, "the individuals on the list will not be jeopardized as a result of its technical expiration on October 30, 1976." The matter was placed on the Commission's agenda for its next regular meeting on November 10, 1976, at which time the Commission postponed a decision in order to permit all interested parties to comment on petitioners' request. After considering documentary evidence, the Commission voted, on March 15, 1977, to extend the expiration date of the eligibility list for one year, to October 30, 1977. The decision of the Commission was communicated to the parties in a letter dated April 11, 1977, which related that the Com-

mission had considered all material presented and that it had voted to extend the list in accordance with the Commission's rules and regulations. The letter did not further elucidate reasons for the decision. Respondents, Kearny firemen also on the list but at a lower ranking than petitioners (with the exception of one individual not on the list), appealed from the 'Commission's determination.

The Appellate Division denied a motion to stay the decision of the Commission pending the appeal "without prejudice to its renewal in the event of an appointment from the extended eligibility list which will expire on October 30, 1977". On July 13, 1977 the town council of Kearny conditionally appointed two of the petitioners, Louis Postel and Bartholomew Bevins, to the position of Fire Captain pending the outcome of this litigation. On March 30, 1978 the Appellate Division reversed the decision of the Civil Service Commission, holding the Commission without power to extend the list, and voided the appointments made after October 30, 1976, the original expiration date of the eligibility list. 158 *N. J. Super.* 190 (1978). In a supplementary opinion the Appellate Division held its determination to be prospective only. 160 *N. J. Super.* 221 (1978). This Court granted certification. 77 *N. J.* 501 (1978).

## I

*N. J. S. A.* 11:22–32 empowers the Civil Service Commission to set the period of eligibility for appointment of applicants certified, as here, for promotion in local government service. The Commission under this statute may set the term of eligibility at not less than one nor more than three years. In this case, the Commission initially set the eligibility period at two years. It thereafter extended this list to the maximum statutory term of three years. The statute is itself silent on the matter of extensions, providing in full:

Appointments shall be made to or employment given in all positions in the competitive class not filled by promotion, reinstatement,

transfer or reduction under the provisions of this subtitle and the rules made in pursuance thereof, by appointment from among those certified to the appointing authority in accordance with the provisions of section 11:22–16 of this title. The term of eligibility of an applicant shall be fixed for each list by the Commission at not less than one nor more than three years. Appointments shall be made from the eligible list most nearly appropriate, and a new and separate list shall be created for a stated position only when no appropriate list exists from which appointment may be made.

The Commission's regulations, however, promulgated pursuant to the Civil Service Act specify:

> An employment list may be extended for good cause by the Commission for such period or periods beyond its expiration date, provided that no list shall remain in effect for more than the maximum period allowed by the law.
>
> N. J. A. C. 4:1–11.6.

Substantially similar regulations providing for the extension of eligibility lists have been in effect since the original enactment of the Civil Service Law.

The Appellate Division, in holding that the Civil Service Commission lacked the authority to extend an eligibility list for local government employment, placed primary stress on the difference in the language found in N. J. S. A. 11:22–32, dealing with local service, and N. J. S. A. 11:9–10 which deals with state service. The latter provides specifically for extending eligibility lists, viz:

> The Chief examiner and secretary shall, at the time an employment list is promulgated, provide by regulation, approved by the commission, the period during which this list shall remain in force. No employment list shall be promulgated for a period less than six months nor greater than three years. The chief examiner and secretary may, with the approval of the commission, extend the period during which an employment list remains in force, by action taken before the expiration of the list and entered in the minutes of the commission together with his statement as to the reasons therefor. * * *

The Appellate Division and respondents have seized upon the absence of such explicit authority in the local service statute, N. J. S. A. 11:22–32, to impute a legislative purpose

to withhold from the Commission the power to extend such lists.

Ordinarily, a comparative analysis of the language of contemporanous statutes may, because of contrasting language applicable to similar subject matter, be indicative of an intent or purpose on the part of the Legislature to provide different treatment. *Smith v. Tp. of Hazlet,* 63 *N. J.* 523, 527 (1973). That approach, however, does not carry the same interpretive weight when the statutes which are being compared were not in fact contemporaneous enactments. Here, *N. J. S. A.* 11:22–32 was first enacted as *L.* 1908, *c.* 156, § 14. *N. J. S. A.* 11:9–10 was enacted much later as *L.* 1930, *c.* 176, § 22. We must therefore explore other paths to reach an understanding of the legislative scheme.

One such avenue is the long and consistent administration of the civil service law in this area in the context of the history of the legislation. The first version of New Jersey's Civil Service Act, *L.* 1908, *c.* 156, covered employment in the classified service of both state and local governments. It contained language identical in very material respect to that now found in *N. J. S. A.* 11:22–32, that is to say, the early legislation did not contain any explicit reference to authority in the Civil Service Commission to extend eligibility employment lists within the periods prescribed by the law. *L.* 1908, *c.* 156, § 14. The 1908 Act, however, granted power to the Commission to make rules and regulations in order to effectuate the provisions of the Act, *L.* 1908, *c.* 156, § 8. The Civil Service Commission exercised this rule making power contemporaneously with the passage of the Act, adopting Rule VI(b)(3) which stated:

A name shall be removed from the eligible list at the expiration of two years, unless in the judgment of the Commission it is advisable that the names of all those whose eligibility would expire at the same time should be continued on the list for a third year.

That rule reflects an interpretation of the statute by the Civil Service Commission as granting authority for the

discretionary extension of eligibility lists. This administrative understanding and application have not been altered materially to the present time. Moreover, the Legislature has twice amended the Civil Service statute since its original enactment in 1908, including a comprehensive revision in 1930, yet, what is now *N. J. S. A.* 11:22–32 has remained essentially unchanged and the regulations applying this statutory provision, according the Commission a discretionary power to extend eligibility lists, have continued in effect without substantial modification.

■■ This Court has recognized the established principle that, in construing a doubtful statute, resort may be had to the contemporaneous construction, long usage, and practical interpretation given to it by the administrative agency charged with its effectuation. *E. g., The Passaic Daily News v. Blair,* 63 *N. J.* 474, 484 (1973) ; *Pringle v. N. J. Dept. of Civil Service,* 45 *N. J.* 329 (1965) ; *State v. Clark,* 15 *N. J.* 334 (1954). Furthermore, an agency's construction of a statute over a period of years without legislative interference will under appropriate circumstances be granted great weight as evidence of its conformity with the legislative intent. *E. g., Lavitz v. Civil Serv. Comm.,* 94 *N. J. Super.* 260, 266 (App. Div. 1967) ; *Walsh v. Dept. of Civil Service,* 32 *N. J. Super.* 39 (App. Div. 1954).

The application of this principle to the present case is aptly illustrated in *Pringle v. N. J. Dept. of Civil Service, supra.* The Court there sustained the promotion of a police sergeant that had been made pursuant to a Commission rule which authorized promotions without an examination in cases where no more than three persons had applied to take the exam. In response to the argument that the rule was in contravention of both constitutional and statutory provisions which mandated an examination, the Court noted that the Commission had interpreted the statute as permitting promotions without exams when to hold an exam would be impractical. This interpretation had initially been made shortly after the adoption of the civil service law in 1908,

and it was an interpretation of long standing. Furthermore the Legislature had amended the civil service law several times without altering the provisions in question.

There is, moreover, no necessary inconsistency in the rules adopted by the Civil Service Commission, *N. J. A. C.* 4:1–11.6, providing for the discretionary extension of eligibility lists within the maximum period specified by statute, and any other statutory provision. Thus, while *N. J. S. A.* 11:22–32 contains no direct reference to a power to extend such lists with respect to local government service, there is no specific statutory restriction against that authority. *Cf. In re Fidek,* 76 *N. J.* 340 (1978). Likewise, there is no implied prohibition which would countermand such authority. *Cf. Caldaro v. Ferber,* 39 *N. J.* 314 (1963).

On this last point, as previously shown, the contrasting language between the two statutory provisions, *N. J. S. A.* 11:22–32 and *N. J. S. A.* 11:9–10, does not imply such a prohibition. Similarly, a review of the history of these statutory provisions, to which we alluded earlier, does not suggest such an interdiction.

As already mentioned, the first rule promulgated by the Commission, Rule VI, recognized a discretionary power in the Commission to extend eligibility lists in both local and state government. The Legislature amended the relevant section of the law in 1911, without changing the provision regarding the life of employment lists and the administrative approach to this problem. *N. J. S. A.* 11:9–10, which contained an explicit reference to the power to extend lists for state service, was not passed until 1930. In that year, a complete revision of New Jersey's Civil Service law was proposed in *Senate Bill* No. 61. Section 17g of the original bill explicitly provided authority in a proposed State Personnel Director and State Personnel Board for extending the period during which any employment list could remain in force. Objections by municipalities, however, produced a substitute measure which dropped any direct reference to local employment lists. It was adopted as *L.* 1930, *c.* 176. As

a result, eligibility for local government service remained unchanged and continued to be governed under the earlier law of 1908. See *West New York v. Bock,* 38 *N. J.* 500, 517 .(1962). There is no indication that the Legislature, in rejecting section 17g of *Senate Bill No.* 61 and opting to continue the 1908 law for local government service, intended to overturn the long-standing and well-established administrative interpretation of the previous statute with respect to extensions of eligibility periods for local as well as state service. See *In re Estate of Gillmore,* 101 *N. J. Super.* 77 (App. Div.), certif. den. 52 *N. J.* 175 (1968). Indeed, this understanding of the legislative purpose was confirmed .when shortly after the 1930 enactment of *N. J. S. A.* 11:9–10, the Civil Service Commission again promulgated regulations concerning state and local eligibility lists which virtually duplicated earlier regulations by providing for discretionary extensions of both such lists within the outer limits provided by statute. Thus, the history of the legislation and its administrative implementation do not give rise to an implied prohibition against the discretionary power here exercised by the Commission.

We conclude that under *N. J. S. A.* 11:22–32 the Civil Service Commission has the authority to extend an employment or promotional eligibility list applicable to local government service for a period of time not to exceed three years, the durational limit set by the statute.

II

We note the contention that the Commission did not make specific findings of fact or state reasons for its decision to extend the list. This, it ought to have done. *Cf. In re Plainfield-Union Water Co.,* 11 *N. J.* 382 (1953). Indeed, *N. J. S. A.* 11:9–10, applicable to state employment lists, obligates the Commission to furnish a statement of reasons for its actions. Although that specific requirement is not carried over by the Commission's rules, see *N. J. A. C.*

4:1–11.6, the necessity for findings of fact and a statement of reasons in support of administrative action is an essential element of administrative due process and a requisite for judicial review. *In re Plainfield-Union Water Co., supra.*

█ In this case, in light of the record and issues presented, the omission as to findings and conclusions does not impugn the final determination. The central contentions of the parties in the litigation and the focus of the appeal have been directed to whether or not there is basic statutory authority in the Civil Service Commission to extend the term of a local employment eligibility list. The Commission received evidence on the wisdom and desirability of extending the list and plainly indicated its consideration of that evidence in reaching its final decision to extend the list.

Significantly, there are no basic factual disputes in this case. The determination of the Commission had abundant evidential support and no mystery shrouds the Commission's decision. The absence of particular findings, as the appeal comes to us, under these circumstances, does not hinder or detract from meaningful judicial review. As stated in *Application of Howard Savings Institution of Newark,* 32 *N. J.* 29, 53 (1960),

[W]e should not impede the administrative process and delay final disposition unless such is absolutely necessary to insure a just and proper review. If it is apparent that we and the interested parties can and do understand fully the meaning of the decision and the reasons for it, no sufficient reason exists to remand for fuller and clearer findings and later reconsideration.

█ We are clearly satisfied that the decision of the Civil Service Commission was not arbitrary or capricious. The basic policy and primary object of the Civil Service Act are to secure efficient public service at all levels of government, *Caldaro v. Ferber, supra* 39 *N. J.* at 319; *Walsh v. Dept. of Civil Service, supra* 32 *N. J. Super.* at 43, rather than specifically or exclusively to assure the welfare or further the individual interests of the civil servant, *Borough of Park*

*Ridge v. Salimone,* 21 *N. J.* 28, 44 (1956); *Imbriacco v. State Civil Service Commission,* 150 *N. J. Super.* 105, 109 (App. Div. 1977). The decision to extend an eligibility list within statutory limitations entails an evaluation of how best to provide competent and effective governmental service; it is peculiarly within the expertise of the Commission. We cannot say that upon the ample proofs presented to it the Commission's decision to extend the list to enable those earlier certified for promotion to be appointed to fill vacancies in the position of Fire Captain was arbitrary or capricious.

▮ Finally, we decline to invalidate the extension of the eligibility list in this case on the ground that it had expired prior to the final determination of the Civil Service Commission. Petitioners requested an extension before the October 30, 1976 expiration date. They were advised by the agency that they would not be prejudiced in their application because the list might technically expire before the Commission could act. It was not until its next regularly scheduled meeting that the Commission considered the matter but there is no suggestion that petitioners sought this delay. Moreover, the further delay of the Commission was due only to its attempts to accommodate the respondents and to give all interested parties a fair opportunity to present opposing views.

Apparently, the parties, as well as the agency itself, considered the expiration of the list prior to final action by the Commission to be a technical matter. It was by no means certain that the Commission was compelled to act prior to the expiration of the original eligibility list. Civil Service Commission rules, for example, specifically provide for the revival or continuation of an eligibility list which expires during an appeal for the limited purpose of according relief, if favorable action based upon the list is subsequently taken. *N. J. A. C.* 4:1–11.7; *cf. Marranca v. Harbo,* 41 *N. J.* 569 (1964). Be that as it may, the Commission's authority to extend an eligibility list for state service under *N. J. S. A.* 11:9–10 mandates action prior to the expiration of such lists.

We have no doubt that a similar requirement should be implied with respect to local employment eligibility lists in the interests of uniformity. *Cf. Caldaro v. Ferber, supra.*

While the Commission ought to have acted before the initial expiration date, there is no evidence that respondents were in any way prejudiced or that the public interest was disserved by its actions here. We hold, in the circumstances presented by this case, that the extension of the eligibility employment list is valid. Nevertheless, consistent with the underlying legislative intent, such lists hereafter must be extended prior to their expiration date.

Accordingly, the judgment of the Appellate Division is reversed.

*For reversal*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*For affirmance*—None.