174 N.J. Super. 539 (1980)
417 A.2d 67
WILLIAM HONACHEFSKY, APPELLANT,
v.
NEW JERSEY CIVIL SERVICE COMMISSION, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted April 14, 1980.
Decided May 14, 1980.
*540 Before Judges BISCHOFF, BOTTER and MORTON I. GREENBERG.
William Honachefsky, pro se, appellant.
John J. Degnan, Attorney General, of New Jersey, attorney for respondent (Erminie L. Conley, Assistant Attorney General, of counsel; William Harla, Deputy Attorney General, on the brief).
PER CURIAM.
Appellant William Honachefsky appeals from a final decision of the Civil Service Commission (Civil Service) upholding the results of a promotional examination for the position of Basin Manager, Division of Water Resources, Department of Environmental Protection, and denying his application for a rescoring of his examination.
Appellant, a provisional basin manager, applied for the position of basin manager and took the written and oral Civil Service examinations for that position. On September 27, 1978 Civil Service notified him that he had passed the examination *541 and ranked fifth on the list of certified eligibles. In calculating appellant's score Civil Service awarded him an additional 1.245 points for seniority and 1.0 points to reflect his rating under the Employer Performance Evaluation Improvement System (EPEIS). N.J.S.A. 11:13-1.
By letter dated November 14, 1978 appellant informed the Division of Examinations that he had an EPEIS rating of 1.564 and not 1.0 as used by the Division. In reviewing appellant's claim the Division discovered that several of the candidates who took the promotional examination for the position of basin manager had been given their EPEIS rating by supervisors who also took the examination and were candidates for the position. Pursuant to longstanding Division policy, the Assistant Director of Examinations informed appellant that since many candidates had been rated by supervisors who were also candidates, all candidates would be rescored with the EPEIS award deleted.
On January 5, 1979 appellant initiated an administrative appeal of the decision to eliminate the EPEIS ratings as a grading element in the promotional examination. By letter dated January 10, 1979 the Director of the Division of Examination, Robert Hartman, advised appellant that EPEIS ratings were properly eliminated from the scoring of the promotional examination and that his challenge to the EPEIS rating used was therefore moot.
By letter dated January 30, 1979 appellant appealed Director Hartman's decision to the Civil Service Commission. On March 29, 1979 Civil Service invited appellant to supplement the written record, but appellant apparently failed to do so. Civil Service found on its own review of the written record that the elimination of the EPEIS ratings was consistent with longstanding Department policy which prevents the use of EPEIS ratings when evaluating supervisors and their subordinates are candidates in the same examination and thereby eliminates the possibility for abuse of the rating system. The elimination of EPEIS ratings from scoring in the promotional examination for the position of basin manager was accordingly upheld.
*542 Appellant on this appeal first contends that under N.J.A.C. 4:1-9.5 Civil Service must use EPEIS ratings in scoring promotional examinations. We disagree. N.J.S.A. 11:13-1 provides in part:
The chief examiner and secretary shall establish, in co-operation with departmental authorities for each class of positions or groups of classes in the classified service, standards of performance and output and a plan of service ratings based upon such standards. Such service ratings shall be used:
........
b. As a factor in promotion tests;
........
Accordingly, N.J.A.C. 4:1-9.5 provides:
Promotion examinations shall include an evaluation of records of seniority and performance rating, based on the records of the applicant's employment as of the last day for filing applications for the examination, and on the basis of scales approved by the Chief Examiner and Secretary.
Although this rule ordinarily requires the Chief Examiner to include EPEIS ratings in scoring promotional examinations, the Department has determined to exclude these performance evaluations from the scoring provisions when, as in this case, the evaluating supervisors and their subordinates are candidates for the same promotional examination.
While N.J.S.A. 11:13-1 seemingly mandates that EPEIS ratings be used "as a factor" in scoring promotional examinations, the weight to be given this factor is left to the broad discretion accorded the Chief Examiner and Secretary in administering examinations. See N.J.S.A. 11:9-1 et seq.; see, e.g., Zicherman v. Civil Service Dep't, 40 N.J. 347, 350-351 (1963); Flanagan v. Civil Service Dep't, 29 N.J. 1, 9-12 (1959). Moreover, absent a clear abuse of discretion, courts are reluctant to interfere in the examination process, Zicherman v. Civil Service Dep't, supra; Flanagan v. Civil Service Dep't, supra, and the Commission's longstanding interpretation of the statute is entitled to great weight. See, e.g., Malone v. Fender, 80 N.J. 129, 137 (1979); Pringle v. N.J. Civil Service, Dep't, 45 N.J. 329, 332-333 (1965).
Here, the Commission's interpretation excluding EPEIS ratings from the scoring of promotional examinations when *543 evaluating supervisors and their subordinates are candidates for the same position preserves the integrity of both the examination process and the EPEIS rating system by removing the motivation for biased evaluations. This interpretation not only protects the examination process but further ensures the reliability of these ratings when used for other purposes enumerated in N.J.S.A. 11:13-1. Thus, reading the statute as a whole and giving due deference to the Commission's interpretation and its broad authority to administer examinations, we conclude that its interpretation and application of N.J.S.A. 11:13-1 and N.J.A.C. 4:1-9.5 are clearly proper. See Malone v. Fender, supra; In re Lembo, 151 N.J. Super. 242, 249 (App.Div. 1977). See, also, Essex Cty. Welfare Bd. v. Klein, 149 N.J. Super. 241, 247 (App.Div. 1977).
Appellant next contends that by applying informal policies to exclude EPEIS ratings, Civil Service improperly circumvented the provisions of the Administrative Procedure Act (APA), N.J.S.A. 52:14B-1 et seq. Assuming this longstanding policy relied on by Civil Service to exclude the EPEIS ratings amounts to an agency statement of general and prospective applicability interpreting law or policy, and as such constitutes a rule requiring notice, amendments to N.J.A.C. 4:1-9.5 and 4:1-20.3 so that they conform to this policy were adopted February 1, 1980, see 105 N.J.L.J. 130 (February 14, 1980), and appellant's procedural argument is moot. See Ass'n of N.J. State College Fac. v. Dungan, 64 N.J. 338, 349 (1974).
Appellant finally contends he was entitled to an "impartial factfinding hearing to determine the propriety and legality of" the action of the Commission and that it was a denial of due process to utilize the procedure provided by N.J.A.C. 4:1-8.15[1]. This claim is without merit. N.J.S.A. 11:9-6 provides in part:
When the chief examiner and secretary refuses to examine an applicant or after examination to certify an eligible, the Civil Service Commission shall afford such *544 person an opportunity to submit facts for consideration in a review of the refusal.
N.J.A.C. 4:1-8.15 implements this statutory right to review and provides for a review of the written record. Appellant was afforded an opportunity to submit additional facts in writing but did not do so. He does not now suggest that there exist relevant facts which were not before the Commission.
N.J.A.C. 4:1-3.5(a)(9) and N.J.A.C. 4:1-5.1, on which appellant relies, simply authorize Civil Service to hold a hearing in its discretion or when otherwise required by law. Appellant points to no statute requiring a hearing in this case, and his appeal did not raise any factual issues which constitutionally compel an adversary hearing. See Cunningham v. Civil Service Dep't, 69 N.J. 13, 22 (1975). In light of the absence of any statutory or constitutional right to an adversary hearing and the absence of any factual issues, Civil Service acted well within its discretion in using the procedure provided by N.J.A.C. 4:1-8.15 to hear appellant's administrative appeal.
Affirmed.
NOTES
[1] N.J.A.C. 4:1-8.15 provides that "Any person who is aggrieved by a ruling or determination of the Chief Examiner and Secretary concerning a matter listed under Section 8.14 (Action against prospective employees) of this Chapter shall be afforded an opportunity to submit facts to the Commission in writing within 20 days after receipt of notice of such ruling or determination for consideration in a review of the determination...."